IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-1137-BO-RN

| | |
|---|---|
| WILLIAM EUGENE PARKS, II, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMPSON COUNTY SHERIFF'S OFFICE) <br> and DETECTIVE JERRY MURPHY, ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 9]. Plaintiff has responded in opposition to the motion to dismiss and was permitted additional time within which to file a more complete response. [DE 12]; [DE 15]. Plaintiff has failed to file any additional response to the motion to dismiss within the time provided. In this posture, the motion to dismiss is ripe for disposition. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendants in Sampson County Superior Court on November 18, 2024. [DE 1-1]. Plaintiff alleges that his wife and her daughter had been poisoning plaintiff with arsenic and other substances between April and September 2024. *Id.* ¶ 6. Plaintiff reported the issue to the Sampson County Sheriff's Office in September 2024, and defendant Detective Murphy was assigned to investigate. *Id.* ¶ 7. Plaintiff alleges that Detective Murphy and the Sampson County Sheriff's Office failed to properly investigate plaintiff's allegation of poisoning, that Detective Murphy made inappropriate

comments about plaintiff's health and appearance during the investigation, and that defendants failed to take appropriate action to ensure plaintiff's and his children's safety. *Id.* ¶¶ 8-9.

Plaintiff alleges that defendants' actions violated his Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution, that defendants obstructed justice by failing to conduct a proper investigation, that defendants were criminally negligent and abused their power by failing to properly investigate allegations of poisoning, and that defendants endangered plaintiff's children by failing to test them for poisoning and allowing them to remain in a potentially dangerous environment. *Id.* ¶¶ 11-20.

## DISCUSSION

Defendants have moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal

quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

First, it is well-established that sheriff's departments in North Carolina are not legal entities that can be sued in federal court. *See, e.g., Parker v. Bladen Cty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) ("[T]he Bladen County Sheriff's Department lacks legal capacity to be sued."); *Hargett v. Forsyth Cnty. Sheriff's Office*, 2005 WL 4542859, at *2 (M.D.N.C. 2005), *aff'd* 172 Fed. App'x 27 (4th Cir. 2006); *see also Treadway v. Diez*, 365 N.C. 288 (2011) (adopting dissent in *Treadway v. Dietz*, 209 N.C. App. 152, 158 (2011), which held that North Carolina law did not establish a sheriff's department as a distinct legal entity with capacity to be sued). Plaintiff may not, therefore, proceed on any claims against the Sampson County Sheriff's Office.

Under *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 68, 694 (1978), a municipality may be liable under 42 U.S.C. § 1983 for its policies and customs which result in the deprivation of constitutional rights. Here, plaintiff fails to allege the presence of a constitutional injury attributable to an official policy, procedure, or custom of the entity. *See Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). Thus, any official capacity claim[1] against Detective Murphy or claim against the correct entity defendant under 42 U.S.C. § 1983 is properly dismissed. *See Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000); *Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 319CV00425FDWDCK, 2020 WL 5822216, at *7 (W.D.N.C. Sept. 30, 2020).

---

[1] Though not specified in the complaint, the Court assumes for the purposes of this motion that plaintiff has alleged claims against Detective Murphy in his official and individual capacities. A suit against a government employee in his official capacity is, ostensibly, an additional attempt to assert a claim against the employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)).

3

Plaintiff has also failed to plausibly allege a violation of his constitutional rights by Detective Murphy acting in his individual capacity, or that Detective Murphy violated state law.

Plaintiff alleges that the defendants failed to properly investigate his allegation of poisoning by failing to timely secure a search warrant, failing to have plaintiff's children tested for poisoning, failing to properly collect and preserve evidence, withholding evidence obtained from a phone wipe, and failing to take appropriate actions to ensure plaintiff's and his children's safety. Plaintiff's allegations do not, however, plausibly support the violation of plaintiff's Fourth, Eighth, or Fourteenth Amendment rights. Plaintiff's Fourth Amendment rights protect him from unreasonable search and seizure, and his Eighth Amendment rights protect him from excessive bail, fines, and cruel and unusual punishment. U.S. Const. amend. IV; amend. VIII. None of plaintiff's allegations concern his Fourth or Eighth Amendment rights. The Fourteenth Amendment protects persons from the deprivation of life, liberty, or property in the absence of due process. U.S. Const. amend. XIV. "To establish that a government actor violated this proscription, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Cartagena v. Lovell*, 103 F.4th 171, 182 (4th Cir. 2024) (citation omitted). Plaintiff's allegations fail to identify a protected liberty or property interest or that any alleged deprivation was without due process. Moreover, "in general, there is no independent constitutional right to investigation of a third party." *Gilliam v. Sealey*, 932 F.3d 216, 240 (4th Cir. 2019).

Defendant Detective Murphy is entitled to governmental immunity and public officer immunity for plaintiff's state law claims. "Under North Carolina law, the doctrine of governmental, or sovereign immunity, bars action against, inter alia, the state, its counties, and its public officials sued in their official capacity. Suits against public officials are barred by the

4

doctrine of governmental immunity where the official is performing a governmental function, such as providing police services." *Anderson v. Caldwell Cnty. Sheriff's Off.*, 524 F. App'x 854, 863 (4th Cir. 2013) (cleaned up). Additionally, "[u]nder North Carolina law, plaintiffs may hold public officials who are engaged in the exercise of discretionary, governmental duties personally liable only for 'corrupt or malicious' actions." *Id.* at 862 (citations omitted). Plaintiff has failed to allege any plausible basis to find that governmental or public officer immunity would not apply to shield Detective Murphy in either his official or individual capacity from plaintiff's state claims. Finally, North Carolina's public duty doctrine "provides that when a governmental entity owes a duty to the general public ... individual plaintiffs may not enforce the duty in tort." *Inman v. City of Whiteville*, 236 N.C. App. 301, 303 (2014) (quotation and citation omitted). Accordingly, Detective Murphy is immune from suit for plaintiff's state law claims.

To the extent that Detective Murphy is not immune from suit, plaintiff's state law claims are also not plausibly alleged. A claim for obstruction of justice requires a plaintiff to plausibly allege and ultimately show that the "defendant acted with the specific intent to obstruct justice, not just the general intent to do the act which resulted in the obstruction." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 425 (4th Cir. 2014). Here, plaintiff makes no allegations which would show that Detective Murphy acted with any specific intent to obstruct justice. "Culpable or criminal negligence is defined as such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." *State v. Bucklew*, 2021-NCCOA-659, ¶ 35, 280 N.C. App. 494 (2023) (citation omitted). In alleging that defendants were criminally negligent, however, plaintiff has not plausibly alleged a claim for which this civil action could provide a remedy.

Nor has plaintiff plausibly alleged a claim for abuse of power. Plaintiff alleges that defendants abused their power by failing to investigate his allegations and withholding evidence from plaintiff. To the extent plaintiff's abuse of power claim is considered a claim for deprivation of due process, as discussed above, he has failed to plausibly allege a deprivation of his constitutional rights. *See Lowery v. McDowell Cty. Superior Court*, No. 1:18-cv-00319-MR, 2020 U.S. Dist. LEXIS 219490, at *6 (W.D.N.C. Nov. 23, 2020). Finally, North Carolina law does not recognize a private cause of action for child endangerment. *But see* N.C. Gen. Stat. § 14-318.4.

In summary, plaintiff has failed to allege a claim upon which relief can be granted, and his complaint is properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 9] is GRANTED. Plaintiff's complaint is DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this **13** day of August 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE